UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| DAVID ANGEL SIFUENTES, III, | CASE NO. 20-11745 |
| *Plaintiff*, | HON. THOMAS L. LUDINGTON |
| v. | DISTRICT JUDGE |
| MIDLAND COUNTY 42nd CIRCUIT COURT, J. DEE BROOKS, MICHAEL CARPENTER, VALERIE R. NEWMAN, | HON. PATRICIA T. MORRIS MAGISTRATE JUDGE |
| *Defendants*. | |
| _____/ | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON *SUA SPONTE* DISMISSAL

**I.   RECOMMENDATION**

*Pro Se* Plaintiff David Sifuentes filed the instant five-count complaint. (ECF No. 1.) The matter was referred to me for all pretrial matters. (ECF No. 7.) Because Plaintiff proceeds *in forma pauperis* ("IFP"), (ECF No. 5), I have examined his complaint under 42 U.S.C. §§ 1331, 1983 for screening. For the following reasons, I conclude that Plaintiff has failed to state a claim, and therefore his complaint should be ***SUA SPONTE* DISMISSED**.

**II.   REPORT**

    **A.   Factual Background**

In 2000, Plaintiff was convicted of third-degree criminal sexual conduct and furnishing alcohol to a minor[1]. (ECF No. 1, PageID.1, 14.) Defendant was sentenced to

---

[1] The criminal offenses are located at Mich. Comp. Laws § 750.520d(1)(b), § 436.1701(1). Plaintiff's case is Midland County Circuit Court File No.: 00-9445-FH. (ECF No. 1, PageID.14–17, 20.)

1

concurrent terms of 60–180 months and 31 days in prison, with credit for 31 days served. (*Id.*, PageID.14.) Plaintiff now claims errors were committed at trial, and he is requesting that his conviction be vacated, that his criminal and arrest records expunged, and to be compensated under the Michigan Wrongful Imprisonment Compensation Act. (*Id.*, PageID.8.)

Plaintiff has pursued appellate and post-conviction remedies, in state and federal court.[2]

### B. Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court can *sua sponte* review and dismiss the complaints of plaintiffs proceeding IFP if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

---

[2] Plaintiff's original appeal of right is found at *People v. Sifuentes*, No. 232286, 2002 WL 31474446 (Mich. Ct. App. 2002) (delayed leave to appeal denied, 468 Mich. 914 (2003)). Plaintiff requested relief from judgment and was denied at *People v. Sifuentes*, No. 315618, (Mich. Ct. App. 2013) (leave to appeal denied, 496 Mich. 857 (2014)). Plaintiff made a first successive motion for relief from judgment, and this was denied at *People v. Sifuentes*, No. 346339, (Mich. Ct. App. 2018) (leave to appeal denied, 504 Mich. 945 (2019)). Plaintiff made a second successive motion for relief from judgment, and this was denied at *People v. Sifuentes,* No. 350949, (Mich. Ct. App. 2019) (leave to appeal denied, 943 N.W.2d 120 (Mich. 2020)).

Plaintiff filed a habeas corpus action in the Western District of Michigan, and that Court dismissed the case. *Sifuentes v. Prelesnik*, 2006 WL 2347529 (W.D. Mich. 2006).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id.*

### C. Law and Analysis

Plaintiff is barred from obtaining damages by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Generally, suits challenging the fact or duration of confinement must be brought under the habeas corpus statutes and not § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 489–90 (1973). In *Heck v. Humphrey*, however, the U.S. Supreme Court considered whether this rule should be modified where a prisoner does not seek release but instead seeks an award of monetary damages. The Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486–87.

This "favorable termination" rule bars § 1983 claims that "would necessarily imply the invalidity" of a prior conviction or sentence that has not been overturned. *Id.* at 487. However, if "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* (emphasis in original). The favorable termination rule "is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Id.* at 490, n.10; *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). In addition, challenges based on procedural defects rather than erroneous results are also subject to the limitation announced in *Heck*. *Edwards v. Balisok*, 520 U.S. 641, 648, (1997) (if established, procedural defect would imply the invalidity of the deprivation of good-time credits and thus, was *Heck*-barred).

In the instant case, Plaintiff's five-count complaint is actually his five separate reasons why his convictions should be vacated. He claims he was denied his right to a polygraph examination and to scientific experts. (ECF No. 1, PageID.6.) Further, he claims he was denied a fair trial with the admission of other bad acts testimony, and that he was denied the right to a speedy trial. (*Id.*, PageID.7.) Finally, Plaintiff claims accumulated errors denied him his right to a fair trial. (*Id.*) Each of these reasons could have been addressed by an appeal of right or possibly by subsequent motions for relief from judgment[3]. Plaintiff has exercised these options without success.

---

[3] Mich. Ct. R. 6.500.

4

Plaintiff has not achieved the favorable termination required by *Heck*. Next, challenging the fact of conviction, as Plaintiff tries to do here, cannot be done via § 1983 civil action. *Messa v. Rubin*, 897 F. Supp. 883, 885 (E.D. Pa. 1995) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). "The instrument for bringing such a challenge is either a direct appeal (assuming that the time during which an appeal would be possible has not yet elapsed), a state post-conviction relief petition, or a petition in federal court for habeas corpus." *Id.* Notably, Plaintiff has tried and not succeeded in all of the potential avenues of review cited by *Messa*.

In addition, Plaintiff, by his complaint, appears to seek remedies beyond § 1983, through the Michigan Wrongful Imprisonment Compensation Act, 2016 Mich. Pub. Acts 343. Federal court is not the proper forum for that specific claim.[4]

### D. Conclusion

Overall, Plaintiff fails to state a valid claim. For the reasons stated above, I recommend that this Court *sua sponte* dismiss this complaint.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed.

---

[4] "An individual convicted under the law of this state and subsequently imprisoned in a state correctional facility for 1 or more crimes that he or she did not commit may bring an action for compensation against this state in the *court of claims* as allowed by this act." Mich. Comp. Laws § 691.1753 (emphasis added).

R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 16, 2020        S/ PATRICIA T. MORRIS
                                                         Patricia T. Morris
                                                         United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to David Angel Sifuentes at 224 Gold Ave NW, Grand Rapids, MI 49504.

Date: September 16, 2020                             By s/Kristen Castaneda
                                                                            Case Manager