UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES,

    Plaintiff,

v.

MIDLAND COUNTY 42ND CIRCUIT COURT, ET AL.,

    Defendants.

Case No. 20-cv-11745

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#8], OVERRULING PLAINTIFF'S OBJECTIONS [#9], MOOTING MISCELLANEOUS MOTIONS [#10, 13, 14] AND DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(e)**

This matter is before the Court on Plaintiff David Angel Sifuentes' Complaint, filed on June 10, 2020.  ECF No. 1.  Plaintiff seeks equitable and declaratory relief due to various errors that allegedly occurred during his 2000 Midland County Circuit Court trial and subsequent conviction.  *Id.* at PageID.1.

This Court referred the matter to Magistrate Judge Patricia T. Morris, who issued a Report and Recommendation on September 16, 2020, recommending that this matter be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and 28 U.S.C. § 1915(e).  ECF No. 8.  Plaintiff filed an objection to the Report and Recommendation on September 25, 2020.  ECF No. 9.  Additionally, Plaintiff filed a Notice and Motion for Voluntary Dismissal on October 2, 2020.  ECF Nos. 10, 11.

1

He filed an Amended Notice of Voluntary Dismissal three days later.  ECF No. 12.  However, Plaintiff then filed a Motion to Strike his Motions and Notice of Voluntary Dismissal on October 25, 2020.  ECF Nos. 13, 14.

For the reasons discussed below, the Court will overrule Plaintiff's objections, accept and adopt Magistrate Judge Morris' Report and Recommendation, and dismiss this matter pursuant to 28 U.S.C. § 1915(e).  This will also render Plaintiff's outstanding Motions [#10, 13, 14] moot.

The instant action stems from Plaintiff's 2000 trial and subsequent conviction of third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d(1)(b), and furnishing alcohol to a minor, MICH. COMP. LAWS § 436.1701(1).  The claims asserted in his present Complaint allege various due process violations during his trial, including denial of his right to a speedy or fair trial.  *See* ECF No. 1, PageID.2-3.

The Magistrate Judge correctly concluded that Plaintiff's claims are barred by *Heck v. Humphrey* because success on his claims would necessarily invalidate his convictions.  512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  In his Objection, Plaintiff reasserts his belief that his claims of due process violations, including denial of his right to a polygraph examination and to a fair and speedy trial, are valid claims for relief here.  *See* ECF No. 9, PageID.50.  Plaintiff, however, is incorrect; his arguments are characteristic claims attacking the fact of

2

his convictions and require proof that his conviction or sentence has been reversed, expunged or declared invalid. *Heck*, 512 U.S. at 486-87; *see Ray v. Jefferson Cty.*, No. 3:16CV-269-GNS, 2016 WL 7013480, at *4 (W.D. Ky. Nov. 29, 2016), *aff'd sub nom. Ray v. Jefferson Cty., Kentucky*, No. 16-6850, 2017 WL 6759307 (6th Cir. Dec. 5, 2017) (explaining that "[i]f a ruling on a § 1983 claim would necessarily imply the invalidity of any outstanding criminal judgment against the plaintiff, the § 1983 claim must be dismissed, not for lack of exhaustion of state remedies, but because it is simply not cognizable until the criminal judgment has been terminated in the plaintiff's favor.") (additional citation omitted). Plaintiff fails to meet this standard.

Further, Plaintiff objects to the Magistrate Judge's Report and Recommendation by arguing that the *Heck* exception, which allows certain litigants to bring a § 1983 action if habeas is unavailable, applies here. *See* ECF No. 9, PageID.46. But Plaintiff's characterization of the case law is incorrect. There are only very narrow circumstances where "*Heck*'s favorable-termination requirement cannot be imposed against § 1983 plaintiffs who lack a habeas option for the vindication of their federal rights." *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 603 (6th Cir. 2007). These include instances where, for example, a plaintiff received only a civil fine or was "sentenced to such a short period of time so as to be precluded from filing a habeas-type petition." *Ray v. Jefferson Cty.*, No.

3:16CV-269-GNS, 2016 WL 7013480, at *5 (W.D. Ky. Nov. 29, 2016), *aff'd sub nom. Ray v. Jefferson Cty., Kentucky*, No. 16-6850, 2017 WL 6759307 (6th Cir. Dec. 5, 2017).

As in *Ray*, Plaintiff's facts do not demonstrate that he lacked the ability to seek relief under habeas. Indeed, they indicate the opposite; Plaintiff filed an unsuccessful habeas petition challenging his state court conviction under 28 U.S.C. § 2254 in 2003. *See Sifuentes v. Prelesnik*, No. 1:03-CV-637, 2006 WL 2347529, at *1 (W.D. Mich. Aug. 11, 2006). The *Heck* exception applies to plaintiffs who are otherwise barred from vindicating their rights at all. Plaintiff has already obtained prior habeas review of his incarceration and has been subsequently denied authorization to file successive habeas motions by the Sixth Circuit. The Court agrees with the Magistrate Judge that Plaintiff's case does not fall within the *Heck* exception and therefore precludes his ability to bring his claims under § 1983.

Accordingly, this matter is subject to dismissal because it "fails to state a claim upon which relief can be granted[.]" 28 U.S.C. § 1915(e)(2)(B). The Court hereby **ADOPTS** and **ACCEPTS** Magistrate Judge Patricia T. Morris' Report and Recommendation [#8] as this Court's factual findings and conclusions of law. Plaintiff's objections [#9] are **OVERRULED**. This cause of action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). Plaintiff's outstanding Motions are thus rendered **MOOT** [#10, 13, 14].

**IT IS SO ORDERED.**

s/Gershwin A. Drain  
GERSHWIN A. DRAIN  
UNITED STATES DISTRICT JUDGE

Dated: October 30, 2020

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 30, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager