UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES,

Plaintiff,

v.

MIDLAND CTY. 42ND CIR. CT.,
ET AL.,

Defendants.

Case No. 20-cv-11745

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT [#17] AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT [#19]**

**I. INTRODUCTION**

Plaintiff David Angel Sifuentes filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. On October 30, 2020, the Court dismissed Plaintiff's case pursuant to 28 U.S.C. § 1915(e). ECF No. 16. This matter is nearly identical to another case filed by Plaintiff in this Court on October 29, 2020, *see Sifuentes v. Midland Cty. Prosecutor's Off., et al.*, Case No. 20-cv-12907, which was dismissed pursuant to 28 U.S.C. § 1915(e) on January 29, 2021.

Presently before the Court is Plaintiff's Motion to Alter or Amend Judgment, filed on November 3, 2020. ECF No. 17. Also before the Court is Plaintiff's Motion to Amend or Correct the Complaint, filed on November 6, 2020, which this Court construes as a Motion for Leave to Amend Complaint. ECF No. 19. Plaintiff moves

for relief under Federal Rule of Civil Procedure 59(e) and seeks to add additional claims to his proposed Amended Complaint.  For the reasons set forth below, the Court will DENY both of Plaintiff's motions.  Further, as ordered in his previous case, Plaintiff is ENJOINED from (1) filing further motions and documents in this case or (2) initiating a new case concerning the same convictions challenged in this case without first obtaining leave of Court.

## II. BACKGROUND

Plaintiff's Complaint challenges his convictions for third-degree criminal sexual conduct under Mich. Comp. Laws § 750.520d(1)(b) and furnishing alcohol to a minor under Mich. Comp. Laws § 436.1701(1).  *See People v. Sifuentes*, No. 232286, 2002 WL 31474446, at *1 (Mich. Ct. App. Nov. 5, 2002).  Plaintiff asked the Court to vacate his convictions on the grounds that he was denied his right to a speedy trial and that the prosecutor engineered the delay to gain a tactical advantage.  ECF No. 1, PageID.7.  The Court held that these claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on his claims would "necessarily imply the invalidity" of Plaintiff's convictions.  ECF No. 16, PageID.120.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 59 governs motions to alter or amend a judgment.  *See* FED. R. CIV. P. 59(e).  A court may alter the judgment under Rule 59 based on: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Leisure*

*Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (additional citation omitted).  "The purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings."  *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quotations omitted).

## IV. DISCUSSION

While Plaintiff maintains that the Court's Order should be altered or amended pursuant to Rule 59(e), he fails to identify a proper basis for Rule 59(e) relief.  He does not claim a clear error of law, the availability of new evidence, an intervening change in the law, or a need to prevent manifest injustice.  Instead, he essentially reasserts the same facts and arguments presented in his Amended Complaint without addressing or challenging the applicability of *Heck*'s favorable-termination requirement.  Plaintiff may not obtain relief under Rule 59(e) by reasserting issues already ruled upon by the Court.  *See Howard*, 533 F.3d at 475 ("Rule 59(e) . . . does not permit parties to effectively re-argue a case.") (quotation omitted).  The Court therefore finds no basis for granting relief under Rule 59(e).  Further, Plaintiff's Motion for Leave to Amend Complaint fails on similar grounds; this Court has already held that Plaintiff's prosecutorial misconduct claims are barred by the *Heck* doctrine.  *See* ECF No. 16, PageID.121.  Thus, the inclusion of Plaintiff's additional claims would be futile.  *See United States ex rel. Harper v. Muskingum Watershed*

*Conservancy Dist.*, 842 F.3d 430, 440 (6th Cir. 2016) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."). The Court will therefore deny Plaintiff leave to amend his Complaint.

Additionally, the Court has the authority to enjoin vexatious litigants from filing future pleadings without first obtaining court approval to do so. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Wrenn v. Vanderbilt Univ. Hosp.*, No. 94-5453, 1995 WL 111480 at *3 (6th Cir. 1995) ("This court has the authority to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651 (a)."). Plaintiff has had multiple opportunities to litigate his claims in federal and state court. Judicial resources will be unnecessarily expended if Plaintiff continues to engage in repetitive filings raising the same claims and arguments. Accordingly, as established in his prior case, Plaintiff is enjoined from filing future pleadings in this matter or raising these same claims in a new action without first obtaining court approval to do so.[1]

## V. CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Alter or Amend Judgment [#17] and Plaintiff's Motion for Leave to File Amended Complaint [#19] is

---

[1] This restriction does not apply to the filing of a habeas corpus petition under 28 U.S.C. § 2254 or § 2241.

**DENIED**.  Further, Plaintiff is **ENJOINED** from filing any new documents in this case and from initiating a new civil action (other than a habeas corpus petition) asserting the same claims raised in this action without first seeking and obtaining leave of the Court.  To seek leave to file an additional motion, pleading, or other document in this matter, Plaintiff must submit a motion entitled "Motion for Leave to File" along with any proposed filing.  To initiate a new civil action concerning the same convictions at issue here, Plaintiff must first seek and obtain leave of court by the presiding judge.[2]

> **IT IS SO ORDERED.**

> _s/Gershwin A. Drain_____
> GERSHWIN A. DRAIN
> UNITED STATES DISTRICT JUDGE

Dated:  March 15, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 15, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

---

[2] The district judges rotate serving as the presiding judge and are usually designated for one-week periods. The name of the presiding judge is not disclosed before Mondays at 8:30 a.m. and can be obtained by contacting the Clerk's office. _See_ E.D. Mich. LR 77.2.